Eugene P. Ramirez (State Bar No. 134865)
*eugene.ramirez@manningkass.com*
Kayleigh Andersen (State Bar No. 306442)
*kayleigh.andersen@manningkass.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendants, COUNTY OF RIVERSIDE, CHAD BIANCO, and DENNIS VROOM and incorrectly named Defendants RIVERSIDE COUNTY SHERIFF'S DEPARTMENT and RIVERSIDE UNIVERSITY HEALTH SYSTEM who are departments of the COUNTY OF RIVERSIDE.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CHRISTOPHER D. SAWYER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>RIVERSIDE COUNTY; RIVERSIDE COUNTY SHERIFF'S DEPARTMENT; CHAD BIANCO; DENNIS VROOM; FLAKES; RIVERSIDE UNIVERSITY HEALTH SYSTEM; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 5:24-cv-01683-SSS-DTB<br><br>District Judge:  Sunshine S. Sykes<br>Magistrate Judge:  David T. Bristow<br><br>**MOTION TO DISMISS COMPLAINT; REQUEST FOR JUDICIAL NOTICE**<br><br>Date: January 24, 2025<br>Time:  2:00<br>Courtroom:  2<br><br>Complaint Filed:   Aug. 8, 2024<br>Trial Date:            Not Yet Set |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on January 24, 2025, at 2:00 p.m., or as soon thereafter as counsel may be heard, in the courtroom of the Honorable Sunshine S. Sykes, located in Courtroom 2 of the United States District Court, 3470 Twelfth Street, Riverside, California 92501-3801, all Defendants will and hereby do move this Court to dismiss Plaintiffs' complaint. This motion is made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and upon the following grounds:

The entire complaint should be dismissed as to the Riverside County Sheriff's Department and Riverside University Health System because they are departments of the County of Riverside and not independent entities;

Plaintiff's Fourth Claim for Relief for Medical Malpractice and Fifth Claim for Relief for Intentional Infliction of Emotional Distress under state law should be dismissed because Plaintiff did not timely file a government tort claim; and

Plaintiff's Sixth Claim for Relief for Declaratory Relief should be dismissed because it is moot and because Plaintiff has an adequate remedy of damages; and

Plaintiff's claims for punitive damages fail as against the Riverside County Sherriff's Department ad Riverside University Health Systems under Government Code section 818.

This motion is based on this notice of motion and motion, the attached memorandum of points and authorities, the attached request for judicial notice, declaration of Kayleigh Andersen and exhibit, all of the pleadings, files, and records in this proceeding, all other matters of which the Court may take judicial notice, and any argument or evidence that may be presented to or considered by the Court prior to its ruling.

**STATEMENT REGARDING CONFERENCE OF COUNSEL**

This motion is made following a telephonic conference of counsel pursuant to Civil L.R. 7-3, which took place on October 30, 2024. Kayleigh Andersen participated on behalf of Defendants and Royal Bond participated on behalf of

Plaintiff. During the conference, the parties discussed all of the grounds for Defendants' motion to dismiss the original complaint. On December 17, counsel for Defendants advised via email that they still intended to pursue a motion to dismiss the First Amended Complaint for the same reasons discussed during the telephonic meet and confer. Despite their good-faith efforts, the parties were not able to reach an agreement, thus necessitating the filing of the present motion to dismiss.

DATED:  December 23, 2024          **MANNING & KASS**
                                   **ELLROD, RAMIREZ, TRESTER LLP**


By: _____*/s/ Kayleigh A. Andersen*_____
Kayleigh Andersen
Attorneys for Defendants, COUNTY OF RIVERSIDE, et al.

# TABLE OF CONTENTS

I.  INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

II. STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

III. THE COURT MAY DISMISS THIS COMPLAINT UNDER FED. R. CIV. P. 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

IV. THE RIVERSIDE COUNTY SHERRIFF'S DEPARTMENT AND RIVERSIDE UNIVERSITY HEALTH SYSTEM ARE DEPARTMENTS OF THE COUNTY OF RIVERSIDE AND THEREFORE, NOT PROPER DEFENDANTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

V. PLAINTIFF'S FOURTH CLAIM FOR RELIEF FOR MEDICAL MALPRACTICE AND FIFTH FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS FAIL BECAUSE PLAINTIFF DID NOT TIMELY FILE A GOVERNMENT TORT CLAIM . . . . . . . . . . . . . . . . . . 10

    A.  Plaintiff Was Required To Submit A Government Tort Claim Within Six Months Of His State Law Causes Of Action Accruing . . 10

    B.  Plaintiff's State Law Claims Accrued On August 23, 2022 And Therefore, He Had Until February 22, 2023 To File His Tort Claim . 10

    C.  Plaintiff Submitted His Tort Claim On February 23, 2024 A Year Too Late . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

VI. PLAINTIFF'S CLAIM FOR DECLARATORY RELIEF FAILS . . . . . . . . 11

VII. PLAINTIFF'S PUNITIVE DAMAGES CLAIM FAILS AS AGAINST THE SHERRIFF'S OFFICE AND RIVERSIDE UNIVERSITY HEALTH SYSTEM . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

VIII. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

REQUEST FOR JUDICIAL NOTICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

DECLARATION OF KAYLEIGH ANDERSEN . . . . . . . . . . . . . . . . . . . . . . . 17

# TABLE OF AUTHORITIES
**Cases**

*Bell Atl. Corp. v. Twombly* (2007) 550 U.S. 544 (2007) . . . . . . . . . . . . . . . . . . . . . . . 8

*Bidwell v. County of San Diego*, 607 F.Supp.3d 1084 (S.D. Cal., 2022) . . . . . . . . .11

*Carrillo v. County of Santa Clara* (2023) 89 Cal.App.5th 227 . . . . . . . . . . . . . . . . 11

*Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992 (9th Cir. 2010) . . . . . . . . . . . 9

*Daum v. Planit Solutions, Inc.,* 619 F.Supp.2d 652 (D MN 2009) . . . . . . . . . . . . . 12

*D.K. ex rel. G.M. v. Solano County Office of Educ.*, 667 F.Supp.2d 118 (E.D. Cal. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .11

*EVO Brands, LLC v. Al Khalifa Grp. LLC*, 657 F. Supp. 3d 1312 (C.D. Cal. 2023) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Feldman v. Bomar* (9th Cir. 2008) 518 F3d 637 . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Golden v. Zwickler* (1969) 394 US 103 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Karim-Panahi v. Los Angeles Police Dept.,* 839 F.2d 621 (9th Cir. 1988) . . . . . . .10

*Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988 (9th Cir. 2018) . . . . . . . . . . . 9

*Kizer v. County of San Mateo* (1991) 53 Cal.3d 139 . . . . . . . . . . . . . . . . . . . . . . . 13

*Mitcheson v. Harris,* 955 F2d 235 (4th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . 12

*Moore v. City of Costa Mesa,* 886 F.2d 260 (9th Cir. 1989) . . . . . . . . . . . . . . . . . . 8

*Shelton v. Superior Ct.* (1976) 56 Cal.App.3d 66 . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Shirk v. Vista Unified School Dist.* (2007) 42 Cal.4th 201 . . . . . . . . . . . . . . . . . . .10

*Smith v. Metropolitan Property & Liab. Ins. Co*., 629 F2d 757 (2nd Cir. 1980) . . 12

*Wassmann v. South Orange County Community College District* (2018) 24 Cal.App.5th 825 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .11

*Whittlestone, Inc. v. Handi-Craft Co*., 618 F.3d 970, 974 (9th Cir. 2010) . . . . . . .13

*Zinermon v. Burch* (1990) 494 U.S. 113, 118 (1990) . . . . . . . . . . . . . . . . . . . . . . . 8

**Statutes and Rules**

28 USC § 2201. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

| | | |
|---|---|---|
| 1 | F.R.C.P. 12(b)(6) | 8 |
| 2 | F.R.C.P. 56 | 13 |
| 3 | Fed.R.Evid. 201 | 9, 11 |
| 4 | C.C.P. § 335.1 | 11 |
| 5 | C.C.P. § 340.5 | 11 |
| 6 | Cal. Gov. Code § 818 | 13 |
| 7 | Gov. Code § 911.2 | 10 |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff was a pretrial detainee/inmate in the custody of the Riverside County Sherriff's Department. Plaintiff got in a fight and his jaw was broken. Plaintiff asserts he received inadequate medical care for his injury. Plaintiff files this suit seeking damages for his injuries against the Sherriff's Department, Deputies Bianco and Vroom and the County's medical department: Riverside University Health System.

The Sherriff's Department and Riverside University Health System are departments of the County of Riverside. They move to dismiss the Complaint because the only proper defendant is the County of Riverside.

All defendants move to dismiss Plaintiff's state law claims for medical malpractice and intentional infliction of emotional distress because Plaintiff did not timely file a government tort claim. The Court is requested to take judicial notice of Plaintiff's tort claim which is attached hereto as Exhibit 1 and authenticated by the declaration of Kayleigh Andersen.

Lastly all defendants move to dismiss Plaintiff's request for declaratory relief because it is completely redundant to his other claims for relief for damages.

## II. STATEMENT OF FACTS

Plaintiff Christopher Sawyer alleges the following facts in his first amended complaint: Plaintiff was a pretrial detainee in the Riverside County jail. (First Amended Complaint ("FAC") ¶ 10). Plaintiff broke his jaw during a fight on August 23, 2022. (FAC ¶¶ 19, 21). Plaintiff was sent to Riverside County Hospital for treatment. (FAC ¶ 20). Plaintiff should have received immediate surgery, but was forced to wait for a surgery date 4-6 days later. (FAC ¶¶ 21-22). Plaintiff submitted grievances regarding his medical care and in response was placed in administrative

segregation. (FAC ¶ 22).

After Plaintiffs surgery, he was returned to jail and placed in administrative segregation for two weeks. (FAC ¶ 23). Plaintiff filed grievances about being placed in administrative segregation. (FAC ¶ 24).

Plaintiff was returned to the general population where he suffered swelling of his jaw. (FAC ¶ 25). Plaintiff was denied adequate medical care for his swollen jaw. (FAC ¶ 27). Plaintiff's jaw became infected and he was returned to the hospital where he was placed on IV antibiotics and a PICC line was implanted in his jaw. (FAC ¶¶ 28-29). After 9-11 days in the hospital, Plaintiff was returned to jail and placed in the medical unit due to the PICC line. (FAC ¶ 30). Plaintiff's infection was the result of inadequate medical care. (FAC ¶ 34). As a result of his inadequate medical care Plaintiff suffered debilitating pain and other symptoms and he will need surgeries in the future. (FAC ¶ 39).

## III. THE COURT MAY DISMISS THIS COMPLAINT UNDER FED. R. CIV. P. 12(b)(6)

A F.R.C.P. 12(b)(6) motion tests the legal sufficiency of the claims asserted in the complaint. The court assumes as true all well-pleaded facts in plaintiff's complaint and views them in a light most favorable to plaintiff. *Zinermon v. Burch* (1990) 494 U.S. 113, 118 (1990). Dismissal is proper where "it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Moore v. City of Costa Mesa* (9th Cir. 1989) 886 F.2d 260, 262. Plaintiffs must "nudge" their claims across the line from conceivable to plausible. *Bell Atl. Corp. v. Twombly* (2007) 550 U.S. 544 (2007).

///
///

## IV. THE RIVERSIDE COUNTY SHERRIFF'S DEPARTMENT AND RIVERSIDE UNIVERSITY HEALTH SYSTEM ARE DEPARTMENTS OF THE COUNTY OF RIVERSIDE AND THEREFORE, NOT PROPER DEFENDANTS

In ruling on a motion to dismiss, the Court "may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018). Here, the Court can take judicial notice of the fact that the Riverside County Sherriff's Department and Riverside University Health Systems are departments of Riverside County. Judicial notice of these facts is appropriate because they are not reasonably subject to dispute given that they can be accurately and readily determined by reference to the County's public website at: *https://rivco.org/agencies-and-departments* whose accuracy cannot reasonably be questioned. F.R.E. 201(b)(2); *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (the Court can take judicial notice of information "made publicly available by government entities"); *EVO Brands, LLC v. Al Khalifa Grp. LLC*, 657 F. Supp. 3d 1312, 1321 (C.D. Cal. 2023) ("a court can take judicial notice of a government's website").

Since the Sherriff's Department and Riverside University Health are both departments of the County of Riverside, the proper defendant in this case is the County of Riverside. The County has no objection, to Plaintiff being given leave to amend his complaint to name the County as a defendant in lieu of the Sherriff's Department and Riverside University Health.

///
///

## V. PLAINTIFF'S FOURTH CLAIM FOR RELIEF FOR MEDICAL MALPRACTICE AND FIFTH FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS FAIL BECAUSE PLAINTIFF DID NOT TIMELY FILE A GOVERNMENT TORT CLAIM

Plaintiff asserts two state law claims: his Fourth Claim for Relief for Medical Malpractice and his Fifth for Intentional Infliction of Emotional Distress. These two claims for relief under state law are barred as a matter of law because Plaintiff failed to present a timely government tort claim to the County.

### A. Plaintiff Was Required To Submit A Government Tort Claim Within Six Months Of His State Law Causes Of Action Accruing

Before suing a public entity, a plaintiff must present a timely written claim for damages to the entity. Gov. Code § 911.2; *Shirk v. Vista Unified School Dist.* (2007) 42 Cal.4th 201, 208. Such a claim must be presented to the governmental entity no later than six months after the cause of action accrues. *Id.* A claim for relief accrues for purposes of the government tort claims statute on the same date that the statute of limitations would begin to run in a dispute between private litigants. Gov. Code § 901, *Shirk, supra.* State law claims are subject to dismissal if they do not comply with the filing requirements of the Tort Claims Act. *Karim-Panahi v. Los Angeles Police Dept.,* 839 F.2d 621, 627 (9th Cir. 1988) (failure to comply with California Torts Claims Act barred pendent state claims). "The claims statutes require timely filing of a proper claim as condition precedent to the maintenance of the action. Compliance with the claims statutes is mandatory; and failure to file a claim is fatal to the cause of action." *Shelton v. Superior Ct.,* 56 Cal.App.3d 66, 82 (1976) (citations omitted).

### B. Plaintiff's State Law Claims Accrued On August 23, 2022 And Therefore, He Had Until February 22, 2023 To File His Tort Claim.

The limitations period for medical malpractice in California is "three years after the date of injury or one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the injury, whichever occurs first."

C.C.P. § 340.5; *Carrillo v. County of Santa Clara* (2023) 89 Cal.App.5th 227, 230-231. Here, Plaintiff's alleged medical malpractice injury first occurred on August 23, 2022 when Plaintiff was first sent to the hospital and did not receive "immediate" surgery. (FAC ¶¶ 19, 21).

"A cause of action for intentional infliction of emotional distress accrues, and the statute of limitations begins to run, once the plaintiff suffers severe emotional distress as a result of outrageous conduct on the part of the defendant." C.C.P. § 335.1; *Wassmann v. South Orange County Community College District* 24 Cal.App.5th 825, 853 (2018). Plaintiff alleges that his emotional distress was caused by the lack of medical care, being placed in administrative segregation and being placed in the general population (rather than the medical unit). (FAC ¶¶ 96-99). Plaintiff alleges that these actions which caused his emotional distress first began when Plaintiff was first sent to the hospital and did not receive "immediate" surgery on August 23, 2022. (FAC ¶¶ 19, 21).

Thus, both of Plaintiff's state law claims for relief accrued on August 23, 2022. Plaintiff thereafter had six months, until February 22, 2023, to file his government tort claim.

### C. Plaintiff Submitted His Tort Claim On February 23, 2024 A Year Too Late

Plaintiff's filed his government tort claim on February 23, 2024. A copy of the claim is attached as Exhibit 1 hereto. The District Court can take judicial notice of Plaintiff's government tort claim. Fed.R.Evid. 201; *D.K. ex rel. G.M. v. Solano County Office of Educ.*, 667 F.Supp.2d 1184, 1188-90 (E.D. Cal. 2009); *Bidwell v. County of San Diego*, 607 F.Supp.3d 1084, 1106-07 (S.D. Cal., 2022). Plaintiff thus filed his government tort claim a year too late and his state law claims for relief for medical malpractice and intentional infliction of emotional distress fail.

## VI. PLAINTIFF'S CLAIM FOR DECLARATORY RELIEF FAILS

Plaintiff's sixth claim for relief seeks declaratory relief. Plaintiff seeks a declaration that the County's handling of his medical treatment and his grievances violated his civil rights. (FAC ¶¶ 103-108). Plaintiff's complaint does not allege any ongoing conduct by the Defendants that is currently violating his civil rights.

Under the Declaratory Judgment Act (28 USC § 2201) this District Court has the power to "declare the rights and other legal relations of any interested party seeking such declaration …" Such relief is discretionary, not mandatory. *Mitcheson v. Harris* (4th Cir. 1992) 955 F2d 235, 237. The District Court may decline to issue declaratory relief if another remedy such as damages is "more appropriate." *Smith v. Metropolitan Property & Liab. Ins. Co*. (2nd Cir. 1980) 629 F2d 757, 759 [District Court properly declined to issue declaratory judgment regarding the validity of an exclusion in an automobile insurance policy where the Plaintiff had an adequate alternative remedy – a claim for damages for breach of contract]; *Daum v. Planit Solutions, Inc.* (D MN 2009) 619 F.Supp.2d 652, 657 [In an employment dispute the plaintiff brought a claim for wrongful termination in breach of contract as well as a claim seeking a declaration that he was wrongfully termination. District Court properly dismissed plaintiff's claim for a declaratory judgment as duplicative]. Here, Plaintiff's request for a declaration that the Defendants violated his civil rights is completely duplicative of his claims for damages for those same violations. Plaintiff's damages claims are the "more appropriate" remedy and therefore, this Court should exercise its discretion and dismiss Plaintiff's claim for declaratory relief.

Further, disputes as to rights or obligations of the parties with respect to activities that have been discontinued may be dismissed as "moot." *Golden v. Zwickler* (1969) 394 US 103, 109; *Feldman v. Bomar* (9th Cir. 2008) 518 F3d 637. Here, Plaintiff only complains of the Defendants' past conduct in handling his broken jaw. Plaintiff does not allege any current conduct or conduct reasonably

certain to occur in the future by Defendants. Since the Defendants are no longer allegedly violating Plaintiff's civil rights, Plaintiff's declaratory relief claim should be dismissed as moot.

Because Plaintiff is only complaining of past alleged violations and because his claims can more appropriately be resolved through his claim for monetary damages, declaratory relief is inappropriate.

## VII. PLAINTIFF'S PUNITIVE DAMAGES CLAIM FAILS AS AGAINST THE SHERRIFF'S OFFICE AND RIVERSIDE UNIVERSITY HEALTH SYSTEM

In the 9th Circuit a Rule 12(b)(6) or Rule 56 motion serves as the preferred procedural means to procure dismissal of damages claims. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010). Plaintiff asserts a right to punitive damages in paragraphs 74, 81, 92, 101 and 109-113 along with paragraph 3 of his prayer for relief. Plaintiff's claim to punitive damages is predicated upon Civ. Code § 3294 ("In an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant …"). Cal. Gov. Code § 818 sets forth immunity from punitive damages in favor of public entities: "Notwithstanding any other provision of law, a public entity is not liable for damages awarded under Section 3294 of the Civil Code or other damages imposed primarily for the sake of example and by way of punishing the defendant." *See Kizer v. County of San Mateo* (1991) 53 Cal.3d 139, 145. ["Thus, Government Code section 818 in context means that, under the Tort Claims Act, a plaintiff who alleges injury caused by a public entity may be entitled to actual damages for that injury, but not punitive damages."]. Thus Plaintiff is not entitled to punitive damages against the County defendants.

## VIII. CONCLUSION

For the reasons set forth above, the Court should dismiss the County of Riverside Sherriff's Department and Riverside University Health System as defendants and dismiss Plaintiff's fourth, fifth and sixth claims for relief.

DATED: December 23, 2024　　**MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP**

By: ___*/s/ Kayleigh A. Andersen*___
　　Kayleigh Andersen
　　Attorneys for Defendants, COUNTY OF RIVERSIDE, et al.

# REQUEST FOR JUDICIAL NOTICE

Defendants hereby request the Court take judicial notice of the following items pursuant to Federal Rules of Evidence Rule 201, in support of Defendants' Motion to Dismiss:

1. The County of Riverside's official website at page: https://rivco.org/agencies-and-departments which identifies the Riverside County Sherriff's Department and Riverside University Health System as departments of the County of Riverside.

2. Exhibit 1 hereto which is a copy of Plaintiff's government tort claim. This document is authenticated by the attached declaration of Kayleigh Andersen.

DATED:  December 23 2024         **MANNING & KASS**
                                 **ELLROD, RAMIREZ, TRESTER LLP**


By:  ___*/s/ Kayleigh A. Andersen*___
Kayleigh Andersen
Attorneys for Defendants,  COUNTY OF RIVERSIDE, et al.